THE INHABITANTS OF WEYMOUTH, PETITIONERS.

This court has no jurisdiction to revise the proceedings of the court of common pleas, in reference to the by-laws of towns, under the Rev. Sts. *c.* 15, § 13.

THE petitioners having adopted certain by-laws, under the authority conferred upon cities and towns by the statute of 1847, *c.* 66, petitioned the court of common pleas for an approval thereof, as required by the Rev. Sts. *c.* 15, § 13. That court having ordered the petition to be dismissed, for certain reasons specified in the order, the petitioners thereupon appealed to this court.

*F. A. Kingsbury,* for the petitioners, said that this court had jurisdiction of the matter on the appeal, by the Rev. Sts. c. 82, § 6, which provides, that any party aggrieved by the judgment or final decision of the court of common pleas in any civil action, suit, or proceeding, when the judgment or decision therein is founded on matter of law apparent on the record, may appeal therefrom to this court; but,

BY THE COURT. The court are of the opinion, that they have no authority to revise the judgment of the court of common pleas in reference to these by-laws. The Rev. Sts. c. 15, § 13, require that the by-laws, which towns have authority to make, shall be approved by the court of common pleas. The authority thereby given to that court is a special authority, conferred for a special purpose. The court of common pleas are to exercise their discretion. Should this court be of a different opinion from that of the court of common pleas, as to the expediency or legal effect of the by-laws, or the power of the town to make them, (though certainly we do not mean to intimate such an opinion,) this court could not reverse the decision of the court of common pleas and render such judgment as they ought to have given. The approval of this court would not be a compliance with the statute, and would not give effect to these by-laws.

Should this court be called on, in another course of proceeding, to issue a writ of *mandamus,* in a case more obviously judicial, it could only be to procure and render some judgment, not to direct the court of common pleas what judgment they should render. But they have already acted finally on the subject, and therefore there would be no ground upon which such a proceeding could be sustained.

The right to take this appeal was claimed under the Rev. Sts. c. 82, § 6, giving an appeal to this court from the court of common pleas in "any civil action, suit or proceeding whatever," under the term "proceeding." This word, however, must be construed in connection with the subject matter, and the other terms, with which it is associated. The general subject is judicial proceedings; the particular words are "civil

action, suit, or proceeding," which limits it to actions and writs, or proceedings *quasi* judicial. Should a statute refer to a house, store, shed, or "other erection," the latter term could hardly be construed to include a flagstaff, but only erections *ejusdem generis.*       *Appeal dismissed.*